UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number: 23-14173-CIV-MARTINEZ**

MATTHEW ALEXANDER MCGOWAN,

    Plaintiff,

v.

TREASURE COAST FORENSIC
TREATMENT CENTER,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
## PURSUANT TO 28 U.S.C. § 1915A

**THIS CAUSE** came before this Court on *pro se* Plaintiff Matthew Alexander McGowan's Complaint under 42 U.S.C. § 1983, (ECF No. 1) ("the Complaint"). Plaintiff is a pretrial detainee involuntarily committed at the Treasure Coast Forensic Treatment Center ("Treasure Coast") in Indiantown, Florida, having been found incompetent to stand trial in Case No. F-17-018798 in the Eleventh Judicial Circuit in and for Miami-Dade County.[1] In his Complaint, Plaintiff alleges that staff at Treasure Coast beat him and administered medication against his will. After careful consideration, the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis* ("IFP"). Nonetheless, his Complaint is subject to the early screening provision of the

---

[1] This Court, on screening, may take judicial notice of the online record in Plaintiff's state criminal case pursuant to Federal Rule of Civil Procedure 201. *See Menut v. Fla. Comm'n on Offender Rev.*, 754 F. App'x 809, 811 n.2 (11th Cir. 2018) (approving of the district court taking judicial notice of state court records in its screening order "[b]ecause the authenticity of these extrinsic documents is unchallenged and because these documents are central to Plaintiff's claim"); *Davis v. Gregory*, No. 20-12716, 2021 WL 2944462, at *2 (11th Cir. July 14, 2021) (same). The online record in Plaintiff's state criminal case is available at https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (search case number "F-17-018798").

Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, because Plaintiff, as a pretrial detainee committed at a treatment facility due to incompetence, is a "prisoner" as defined by the PLRA. *See Danglar v. Dep't of Corr.*, 50 F.4th 54, 59 (11th Cir. 2022) (quoting 28 U.S.C. § 1915A(c)) ("[T]he early screening provision … of the PLRA define[s] 'prisoner' as: 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, *violations of criminal law* ….") (emphasis in original)); *Harrell v. Sec'y, Veterans Affs.*, No. 1:21-cv-146-AW-GRJ, 2021 WL 6127492, at *1 (N.D. Fla. Nov. 2, 2021), *adopted*, 2021 WL 6125712 (finding that a pretrial detainee who was found incompetent to proceed in his state criminal case, and was involuntarily committed at the North Florida Evaluation and Treatment Center, was a "prisoner" under the PLRA); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that the term "prisoner" in section 1915A covers "a pretrial detainee . . . whose criminal proceedings are held in abeyance during treatment for mental illness.").

Section 1915A(a) requires the district court to screen a complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff sues Treasure Coast, which is a governmental entity under section 1915A(a) because it performs the public function of housing individuals found incompetent to proceed at trial. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (holding that entities that contracted with the Florida Department of Corrections to perform the public function of providing medical services to inmates were state actors and thus "governmental entities" under section 1915A(a)); *Brown v. S. Fla. Evaluation & Treatment Ctr.*, No. 16-cv-10034, 2016 WL 8711497, at *1 (S.D. Fla. July 22, 2016) (finding that the South Florida Evaluation and Treatment Center, which performs the same function as Treasure Coast, was a governmental entity under section 1915A(a)).

Under section 1915A(b), the court must dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief

from a defendant who is immune from such relief." "A dismissal for failure to state a claim under the early screening provision is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020). Accordingly, to survive the early screening provision of the PLRA, a complaint "must contain sufficient factual matter, accepted as to true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Id.*; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). Moreover, the Court construes *pro se* pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But this leniency "does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011) (citation omitted).

Plaintiff's Complaint must be dismissed because it does not state a claim against Treasure Coast, the lone Defendant in this action. Treasure Coast, as an entity that contracts with the state to perform a public function, is treated as a municipality for the purposes of section 1983. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). To state a claim against a municipality, Plaintiff must show that the alleged constitutional violation resulted from the municipality's official custom, policy, or practice. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Moreover, "'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808 823–24 (1985) (plurality opinion)). "A pattern of similar constitutional violations is ordinarily necessary." *Id.* (quotations and alterations omitted).

Plaintiff alleges that on March 24, 2023, he was beaten by security staff at Treasure Coast. (*See* Compl. at 1, ECF No. 1).  He claims that "several men" punched him in the ribs, suffocated him "in the mat[t]ress," and pulled his pants down to inject him with a medication "that [he] never consented to." (*Id*. at 2).  He alleges that "[t]his punishment was inflicted on the Plaintiff in response to mental health behaviour [sic]." (*Id*.).  Plaintiff states that he "never signed a consent form in regards to treatment and passed notes under the door stating no consent and request[ing] to just stay locked in the room." (*Id*.).  Plaintiff provides no further allegations in the Complaint.  Therefore, he has alleged only a single incident of unconstitutional activity and has not alleged a custom, policy, or practice of Treasure Coast that caused the alleged constitutional violation.  *See Craig*, 643 F.3d at 1310.  Accordingly, Plaintiff has not stated a claim against Treasure Coast.

Moreover, Plaintiff's Complaint is deficient because he "fail[s] to name individual defendants and fail[s] to articulate specific claims against those defendants." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006).  Plaintiff alleges that he was beaten by "several men" who were part of the Treasure Coast "security staff," but he fails to identify these individuals and name them as defendants. (Compl. at 1–2).  A claim under section 1983 "requires proof of an affirmative causal connection between the actions taken *by a particular person under color of state law* and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (emphasis added).  Therefore, Plaintiff must identify each official involved in the alleged incident, name that person as a defendant, and describe the actions of each official.

Furthermore, Plaintiff's factual allegations are bare and conclusory.  He seeks to assert a claim for excessive force under the Fourteenth Amendment.[2]  To state an excessive force claim, a

---

[2] As a pretrial detainee, Plaintiff's excessive force claim arises under the Fourteenth Amendment, rather than the Eighth Amendment, because the Eighth Amendment "applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985).

pretrial detainee must allege that the force used against him was "objectively unreasonable," meaning that it was "'not rationally related to a legitimate governmental' purpose or [wa]s 'excessive in relation to that purpose.'" *Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 952 (11th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396–98 (2015)). To determine whether the force used was objectively reasonable, courts consider "(1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting." *Patel v. Lanier Cnty. Georgia*, 969 F.3d 1173, 1182 (11th Cir. 2020) (quoting *Kingsley*, 576 U.S. at 397).

      Plaintiff does not provide enough details about the alleged beating to enable this Court to apply the above factors. He alleges only that he was punched in the ribs, suffocated "in the mat[t]ress" and injected with an unspecified medication in the buttocks. (Compl. at 2). Further, he merely claims that this beating was "in response to mental health beahviour [sic]." (*Id*.). Plaintiff provides no details about the need for force and the amount of force used, the injuries he suffered, any efforts the officials made to temper their use of force, or his conduct which might have caused a security problem. Such bare and conclusory allegations are insufficient to state a claim for excessive force. *See Barr v. Gee*, 437 F. App'x 865, 878 (11th Cir. 2011) (affirming dismissal of arrestee's "conclusory" excessive force claim where he "did not describe the 'beating' or otherwise allege facts permitting a plausible inference that the force [ ] used was unreasonable.").

      Plaintiff shall be given an opportunity to amend his Complaint. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (holding that *pro se* plaintiffs must be given at least one chance to amend a complaint where an amended complaint might state a claim upon which relief can be granted). Plaintiff must describe the events giving rise to his claim in enough detail to

state a plausible claim for relief.  While a complaint that states a claim for relief need not contain every factual detail, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims.").

In addition, Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Furthermore, under Rule 10(b), a complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*.  Plaintiff must provide the name of each official who allegedly violated his rights and describe the actions of that Defendant individually.  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**.

- 7 -

2. **On or before July 31, 2023**, Plaintiff shall file an amended complaint, labeled "Amended Complaint," that complies with the instructions in this Order. The Amended Complaint shall:

    a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment;

    b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly; and

    c. Cure the deficiencies identified in this Order.

3. Plaintiff must use the § 1983 complaint form attached to this Order.

4. The Amended Complaint must show **Case Number: 23-14173-CIV-MARTINEZ** so that it will be filed in this case.

5. Failure to file an amended complaint by July 31, 2023 that complies with this Order may result in the dismissal of this case for failure to prosecute or failure to comply with court orders.

6. The Clerk of Court is **DIRECTED** to mail Plaintiff the prisoner civil rights complaint form along with this Order.

7. This case is **CLOSED** for administrative purposes only, pending the filing of an Amended Complaint. This will not affect the substantive rights of the parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2023.

                                                                    JOSE E. MARTINEZ
                                                                      UNITED STATES DISTRICT JUDGE

Copies provided to:
Matthew Alexander McGowan, *pro se*